IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and Benefit of WINCHESTER WOODWORKING CORP., <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY <br><br> Defendant. | Civil Action No. 1:06CV00970 <br><br> Judge: Ellen Segal Huvelle |

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S
STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS
<u>NO GENUINE ISSUE</u>**

Pursuant to Local Rule 7(h), Defendant Liberty Mutual Insurance Company ("Liberty") submits the following Statement of Material Facts as to Which There is No Genuine Issue in support of its Motion to Dismiss or in the Alternative for Summary Judgment:

1. In October 2003, Sigal Construction Corporation ("Sigal"), as general contractor, entered into a contract with the United States General Services Administration (the "GSA" or the "Owner") to perform work and provide materials for the construction of the Old State Build-Out project, located at the Harry Truman Building in the District of Columbia (the "Project"). (Compl. ¶ 5).

2. Liberty provided a Miller Act payment bond, bearing number 17010125 (the "Bond"), for the Project on behalf of Sigal. (Compl. ¶ 6; Compl. Ex. 1).

1

3. Sigal subsequently entered into a written Subcontract agreement with Winchester, whereby Winchester agreed to provide certain labor and material to the Project (the "Subcontract"). (Compl. ¶ 7; Defendant's Motion to Dismiss or in the Alternative For Summary Judgment ("Liberty Motion"), Ex. A).

4. Winchester filed a Complaint against Liberty on May 24, 2006. (Compl. at 1).

5. Sigal did not receive any federally-mandated payroll records from Winchester for Winchester's work on the Project after April 28, 2005, and accordingly, did not submit any such records to the Owner. (Affidavit of Kerric T. Baird, attached as Exhibit D ("Baird Aff.") ¶ 5).

6. The last-dated payroll record Sigal received for Winchester's work on the Project covered work for the week ending April 24, 2005. (Baird Aff. ¶ 5; Liberty Motion, Ex. B).

7. Sigal did not receive any federally-mandated Statements of Compliance from Winchester for Winchester's work on the Project after May 2, 2005, and no such Statements of Compliance were submitted to the Owner after this date. (Baird Aff. ¶ 7).

8. The last-dated Statement of Compliance Sigal received for Winchester's work on the Project covered work for the week ending April 24, 2005. (Baird Aff. ¶ 7; Liberty Motion, Ex. C).

9. The Daily Reports reviewed by Sigal, documenting ongoing activities at the Project worksite, do not show any work performed by Winchester on the Project after April 18, 2005. (Baird Aff. ¶ 10).

10. On June 6, 2006, Winchester made demand to Liberty on the Bond for the full amount it currently claims, less the amount of a $75,000 payment made by Sigal to Winchester in 2005. (Compl. ¶ 12; Compl. Ex. 2; Compl. ¶ 13).

11. Prior to making demand to Liberty on the Bond on June 6, 2005, Winchester was required to submit payment applications to Sigal for "work completed," and allow Sigal a reasonable time to make payment. (Liberty Motion, Ex. A, ¶ 4.3).

12. Prior to making demand to Liberty on the Bond on June 6, 2005, Winchester made repeated attempts to recover the amount it alleges was due from Sigal. (Compl. ¶ 11).

13. Winchester provided no labor or materials to the project after April 18, 2005. (Baird Aff. ¶ 13).

14. The Subcontract between Sigal and Winchester requires Winchester to exhaust its administrative remedies as an express condition precedent to bringing any legal action against Sigal or Liberty. (Liberty Motion, Ex. A, ¶ 7.4).

15. For all Owner-related claims, Winchester is required to seek relief via a pass-through claim against the GSA and to exhaust the administrative procedures contained in the Prime Contract as an express condition precedent to bringing any legal action against either Sigal or Liberty. (Liberty Motion, Ex. A, ¶ 7.3; Liberty Motion, Ex. A, ¶ 7.4).

16. For all claims arising out of or relating to the Subcontract, Winchester is required to seek resolution by binding arbitration as an express condition precedent to bringing any legal action against either Sigal or Liberty. (Liberty Motion, Ex. A, ¶ 7.4; Liberty Motion, Ex. A, ¶ 23).

17.   Winchester has not filed an arbitration demand with the American Arbitration Association. (Baird Aff. ¶ 12).

**DATED:**   June 27, 2006

                                      Respectfully submitted,

                                      Jeffrey G. Gilmore
                                      D.C. Bar No. 388362
                                      AKERMAN SENTERFITT
                                      WICKWIRE GAVIN
                                      8100 Boone Blvd, Suite 700
                                      Vienna, Virginia 22182
                                      Phone 703-790-8750
                                      Fax 703-448-1801
                                      jeffrey.gilmore@akerman.com

                                      *Counsel for Defendant Liberty Mutual*
                                      *Insurance Company*

4

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2006, I electronically filed Defendant Liberty Mutual Insurance Company's Statement of Material Facts and any attachments, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to:

        Seth A. Robbins, Esq.
        Corie M. Thornton, Esq.
        2620 P Street, NW
        Washington, DC 20007

        *Counsel for Plaintiff United States f/u/b*
        *Winchester Woodworking Corp.*

        Jeffrey G. Gilmore