UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES of AMERICA<br>For the Use and Benefit of<br>WINCHESTER WOODWORKING CORP.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Civil Action No.<br>1:06cv00970<br><br>Judge:<br>Ellen Segal Huvelle |

**PLAINTIFF WINCHESTER WOODWORKING
CORPORATION'S STATEMENT OF MATERIAL FACTS IN
OPPOSITION TO DEFENDANT LIBERTY MUTUAL INSURANCE
COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Plaintiff United States for the use and benefit of Winchester Woodworking Corporation ("Winchester") submits the following concise statement of genuine issues setting forth all material facts for which there exist genuine issues for trial in support of its Motion in Opposition to Liberty Mutual Insurance Company's ("Liberty") Motion to Dismiss or in the Alternative for Summary Judgment:

**Disputed Material Facts**

1.　　Winchester and Sigal Construction Corporation ("Sigal") entered into a Subcontract on or about January 13, 2004 (the "Subcontract"), wherein Winchester agreed to furnish woodworking-related labor and materials for the construction of the Old State-Build Out project at the Harry Truman Building in the District of Columbia (the "Project"). Hamilton Aff. ¶¶ 4 and 5.[1]

---

[1] The Affidavit of James Hamilton ("Hamilton Aff.") is filed simultaneously herewith. *See* Federal Rule of Civil Procedure 56(e).

2. The Subcontract price agreed upon by Winchester and Sigal is Three Hundred Seventy-Five Thousand Dollars ($375,000). Hamilton Aff. ¶ 7.

3. Between December 13, 2003, and October 27, 2005, Winchester furnished materials to the Project. Hamilton Aff. ¶¶ 6.

4. In addition to the Subcontract price, Winchester performed change order work totaling Fifty-Three Thousand Two Hundred Seventy-Seven Dollars ($53,277). Hamilton Aff. ¶ 8.

5. Winchester sought payment in the amount of One Forty-One Thousand Two Hundred Seventy-Seven Dollars ($141,277) for labor and materials Winchester furnished to Sigal between January 2005, and March 2005. Hamilton Aff. ¶ 10.

6. Sigal refused to remit final payment unless Winchester completed certain work items that Sigal deemed part of Winchester's Subcontract work. Hamilton Aff. ¶ 12.

7. Based on Winchester's agreement to remit full payment, Winchester furnished additional labor and materials to the Project. Hamilton Aff. ¶ 13.

8. Winchester furnished additional labor and materials between April 2005, and June 2005. Hamilton Aff. ¶ 15.

9. Sigal again refused to remit payment to Winchester. Hamilton Aff. ¶ 17.

10. On June 6, 2006, Winchester made a demand against Liberty's Payment Bond, Bond No. 17010125, for the One Hundred Forty-One Thousand Two Hundred Seventy-Seven Dollars ($141,277) due and owing to Winchester. Hamilton Aff. ¶ 18.

11. Thereafter, Sigal paid to Winchester Seventy-Five Thousand Dollars ($75,000), but continued to contend that Winchester had not completed its Subcontract work. Hamilton Aff. ¶ 19.

12.     Winchester then furnished additional material and labor to the Project on October 27, 2005.  Hamilton Aff. ¶ 12

13.     As of May 24, 2006, Winchester did not receive payment from Sigal or Liberty in the amount of Sixty-Six Thousand Two Hundred Seventy-Seven Dollars ($66,277) and properly and timely commenced a Miller Act claim against Liberty.  Complaint ¶ 20.

Dated: July 13, 2006                                          Respectfully submitted,

**QUAGLIANO & SEEGER, P.C.**

/s/ Corie M. Thornton

---

Seth A. Robbins, Bar No.:  471812
Corie M. Thornton Bar No.:  496392
2620 P Street, NW
Washington, DC 20007
Tel.    (202) 822-8838
Fax.    (202) 822-6982
**Counsel for Plaintiff**
**United States f/u/b of**
**Winchester Woodworking Corp.**