# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES of AMERICA )<br>For the Use and Benefit of )<br>**WINCHESTER WOODWORKING CORP.**, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LIBERTY MUTUAL INSURANCE COMPANY**, )<br>)<br>**Defendant.** )<br>) | Civil Action No.<br>1:06cv00970<br><br>Judge:<br>Ellen Segal Huvelle |

## AFFIDAVIT OF JAMES R. HAMILTON

**I, James R. Hamilton, in accordance with 28 U.S.C. § 1776 hereby declare under penalty of perjury that the following is true and correct:**

1. I am over the age of eighteen and I am competent to testify, and have personal knowledge, as to the matters raised herein.

2. At all times relevant hereto, I was and am the President of Winchester Woodworking Corporation ("Winchester").

3. As President of Winchester, I am aware of Winchester's agreements to perform woodworking materials and/or labor and its performance of any such agreements.

4. On December 13, 2003, and at the direction of Sigal Construction Company ("Sigal"), Winchester furnished woodworking-related labor and materials for the construction of the Old State Build-out project at the Harry Truman Building in the District of Columbia (the "Project").

5. On January 13, 2004, Winchester and Sigal entered a Subcontract Agreement (the "Subcontract") outlining the salient terms and conditions.

6. Winchester performed labor and furnished and/or supplied materials in conformance with the Subcontract between December 13, 2003, and October 27, 2005.

7. The Subcontract price agreed upon by Winchester and Sigal was Three Hundred Seventy-Five Thousand Dollars ($375,000).

8. At the direction of Sigal, Winchester performed additional labor and furnished additional materials over and above the original subcontract price totaling Fifty-Three Thousand Two Hundred Seventy-Seven Dollars ($53,277).

9. In total, Winchester submitted payment requisitions and change orders in the amount of Four Hundred Twenty-Eight Thousand Two Hundred Seventy-Seven Dollars ($428,277), of which Sigal paid Three Hundred Sixty-Two Thousand Dollars ($362,000).

10. As of March 2005, Sigal owed One Hundred Forty-One Thousand Two Hundred Seventy-Seven Dollars ($141,277) to Winchester.

11. Despite demand, Sigal refused to remit full payment to Winchester.

12. Sigal refused to remit payment to Winchester because, according to Sigal, Winchester had not yet completed its Subcontract work.

13. Although it disagreed with Sigal's contention, based on Sigal's agreement to remit payment, Winchester agreed to furnish additional labor and materials to the Project.

14. In response to Sigal's agreement to remit payment, Winchester furnished subcontract labor and materials to the Project between March 2005 and October 27, 2005.

15. Specifically Winchester performed labor and furnished materials from April 26, 2005, through October 27, 2005, on the following dates: (1) April 26, 2005; (2) May 18, 2005; (3) May 20, 2005; (4) June 28, 2005; (5) October 12, 2005; and (6) October 27, 2005.

16. Specifically, on October 12, 2005, Winchester met with Sigal to discuss completion of the labor and materials furnished by Winchester between April and June 2005, and more particularly, the completion of the installation of the wood paneling.

17. Despite Winchester's performance of the Subcontract work, Sigal still refused to remit payment.

18. In accordance with the terms of the Federal Miller Act, on June 6, 2005, Winchester formally submitted its Miller Act payment bond claim.

19. Because there was no dispute as to Winchester's entitlement to payment, shortly after Winchester made its payment bond claim on June 10, 2005, Sigal remitted payment in the amount of Seventy-Five Thousand Dollars ($75,000).

20. To date, Sigal has refused to pay Winchester the outstanding Sixty-Six Thousand Two Hundred Seventy-Seven Thousand Dollars ($66,277).

**I solemnly affirm under the penalties of perjury that the foregoing facts are true and correct to the best of my knowledge, information and belief.**

*/s/ James R. Hamilton, President*
JAMES R. HAMILTON

Subscribed and sworn before me this 12th day of July, 2006.

*/s/ Deanna C. Weber*
Notary Public

My Commission Expires: 4/30/08

[seal]