IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and Benefit of WINCHESTER WOODWORKING CORP., )<br><br>Plaintiff, )<br><br>v. )<br><br>LIBERTY MUTUAL INSURANCE COMPANY )<br><br>Defendant. ) | Civil Action No. 1:06CV00970<br><br>Judge:<br>Ellen Segal Huvelle |

## DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Defendant Liberty Mutual Insurance Company ("Liberty"), by and through counsel, files this Reply to the Opposition to Motion to Dismiss or in the Alternative for Summary Judgment filed by Plaintiff Winchester Woodworking Corporation ("Winchester").[1] In support hereof, Liberty states as follows:

1. Winchester's Opposition should not have been considered by this court because it was filed outside the applicable time limit. Liberty filed its motion on June 27, 2006. Winchester then had 11 days to file its response, LCvR 7(b), plus an additional three days because Liberty's motion was filed electronically. Fed. R. Civ. P. 6(e) & Fed. R. Civ. P 5(b)(2)(D). Winchester's response was due Tuesday, July 11, 2006, but not

---

[1] Liberty is aware that, on the date of this filing, the Court denied Liberty's Motion before Liberty was afforded the opportunity to file its Reply. However, Liberty has chosen to file this Reply notwithstanding the Court's action because Liberty is still within the reply period provided by federal and local rule, and because Liberty strongly believes that the facts and applicable law of this case justify dismissal or summary judgment.

1

filed until two days later. Accordingly, the Court should have refused to consider Winchester's Opposition and attached exhibits when ruling on Liberty's motion.

2. In the face of overwhelming evidence that Winchester permanently ceased work on the Project on April 18, 2005, Winchester offers only a conclusory, vague, unsupported and contradictory affidavit in opposition. This affidavit, which fails to disclose any details of Winchester's alleged performance through October 2005, is insufficient to avoid summary judgment. See Fed. R. Civ. P. 56(e) (affidavit opposing summary judgment must "set forth specific facts showing that there is a genuine issue for trial.")

The affidavit upon which Winchester relies does not provide any basis for the Court to conclude that any Project-related activities performed by Winchester after April 18, 2005 constituted the provision of labor or materials within the meaning of the Miller Act. Because many activities—including remedial work, inspections, and so on—do not qualify as the provision of labor or materials for purposes of the Miller Act, the court should not accept Winchester's unsupported conclusion that Winchester's alleged activities constituted the provision of labor or materials. See Sage v. Broadcasting Publs., 997 F. Supp. 49, 53 (D.D.C. 1998) ("[c]onclusory allegations made in affidavits opposing a motion for summary judgment are insufficient to create a genuine issue of material fact") and Poullard v. Smithkline Beecham Corp., 2005 U.S. Dist. LEXIS 35182 (D.D.C. 2005) (in embezzlement case, granting summary judgment when affidavit in opposition offered only the conclusory statement that funds were used for "business related matters.")

**CONCLUSION**

2

For the foregoing reasons, Defendant Liberty Mutual Insurance Company respectfully renews its request that this court dismiss Winchester's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a cause of action upon which relief may be granted. In the alternative, Liberty requests that this court grant it summary judgment on the Complaint.

**DATED:**     July 24, 2006

                                      Respectfully submitted,

                                      _____
                                      Jeffrey G. Gilmore
                                      D.C. Bar No. 388362
                                      AKERMAN SENTERFITT
                                      WICKWIRE GAVIN
                                      8100 Boone Blvd, Suite 700
                                      Vienna, Virginia 22182
                                      Phone 703-790-8750
                                      Fax 703-448-1801
                                      jeff.gilmore@akerman.com

                                      *Counsel for Defendant Liberty Mutual*
                                      *Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2006, I electronically filed Defendant Liberty Mutual Insurance Company's Reply to Opposition to Motion to Dismiss or in the Alternative for Summary Judgment and any attachments, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to:

>   Seth A. Robbins, Esq.
>   Corie M. Thornton, Esq.
>   2620 P Street, NW
>   Washington, DC 20007
>
>   *Counsel for Plaintiff United States f/u/b*
>   *Winchester Woodworking Corp.*

                                                  /s/ Jeffrey G. Gilmore
                                                  _____
                                                  Jeffrey G. Gilmore