**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES of AMERICA** ) | |
| **For the Use and Benefit of** ) | |
| **WINCHESTER WOODWORKING CORP.,** ) | |
| ) | Civil Action No. |
| **Plaintiff,** ) | 1:06cv00970 |
| ) | |
| **v.** ) | Judge: |
| ) | Ellen Segal Huvelle |
| **LIBERTY MUTUAL INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEET AND CONFER REPORT

Counsel for the parties, pursuant to Rule 16.3 of the Rules of the District Court of the District of Columbia, have met and conferred, and hereby submit their report to the Court as follows:

## LOCAL RULE 16.3

**Statement of the Case:**

This case involves a construction dispute. Plaintiff Winchester Woodworking Corporation ("Winchester") is a woodworking subcontractor. Winchester entered into a construction subcontract with Sigal Construction Corporation ("Sigal"), a general contractor, whereby Winchester agreed to provide woodworking services at the Old State Build-Out construction project, located at the Harry S. Truman Building, Washington, DC (the "Project").

Defendant Liberty Mutual Insurance Company ("Liberty") is a payment bond surety for Sigal. Liberty executed a payment bond on behalf of Sigal for the purposes of securing Sigal's payment obligations to its subcontractors on the Project.

Winchester commenced this action on May 24, 2006. Winchester asserts claims for unpaid contract balance and additional amounts related to Winchester's work at the Project. Winchester specifically seeks payment under the Federal Miller Act and against the payment bond.

Liberty Mutual contends that Winchester failed to timely file the action and Winchester failed to comply with mandatory conditions precedent prescribed by the contract documents. Additionally, Liberty relies on the affirmative defenses presented in its answer.

**(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should away a decision on the motion.**

**REPORT:** On June 27, 2006, Liberty filed a Motion to Dismiss or, in the alternative, for Summary Judgment. This Court denied the motion on July 24, 2006. After discovery is completed, it is anticipated that a Motion(s) for Summary Judgment will be filed. .

**(2)     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

**REPORT:** The parties shall join other parties or amend the pleadings as provided by the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties believe some of the factual and legal issues can be agreed upon or narrowed.

**(3)** **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

**REPORT:** No.

**(4)** **Whether there is a realistic possibility of settling the case.**

**REPORT:** Unknown; however, the parties believe that mediation may be helpful.

**(5)** **Whether the case could benefit from the Court's alternate dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

    a. **The clients goals in bringing or defendant the litigation;**

    b. **Whether settlement talks have already occurred and, if so, why they did not produce an agreement;**

    c. **The point during the litigation when ADR would be the most appropriate, with special consideration given to:**

        i. **Whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**

        ii. **Whether ADR should take place before or after the judicial resolution of key legal issues;**

    d. **Whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**

    e. **Whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

**REPORT:**  The parties are willing to consider mediation according to the Court's established ADR processes.

**(6)**    **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

**REPORT:**    At the close of discovery, after discovery is completed, it is anticipated that a Motion(s) for Summary Judgment will be filed.

**(7)**    **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

**REPORT:**    The parties do not agree to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.

**(8)**    **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, durations of deposition); whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

**REPORT:**  The parties agree to the following discovery schedule:

a.   Deadline for serving Written Discovery Requests shall be December 13, 2006;

b.   Deadline for Proponent's Rule 26(a)(1) statements and reports shall be September 15, 2006;

    c.   <u>Deadline for Opponent's Rule 26(a)(1) statements and reports</u> shall be October 16, 2006;

    d.   <u>Deadline for Proponent's Rule 26(a)(2) statements and reports</u> shall be October 27, 2006;

    e.   <u>Deadline for Opponent's Rule 26(a)(2) statements and reports</u> shall be December 1, 2006;

    f.   <u>Deadline for Proponent's 26(a)(2) rebuttal statements and reports</u> shall be December 22, 2006;

    g.   <u>All discovery including depositions of experts</u> shall be completed by January 26, 2007;

    h.   <u>Deadline for filing dispositive motions</u> shall be February 16, 2006;

    i.   Except as otherwise provided herein, discovery shall be conducted in accordance with Federal Rules of Civil Procedure and the Local Rules of this Court.

**(9)    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

**<u>REPORT</u>:**  Except as otherwise provided herein as to the dates of disclosures, the parties do not wish to modify the requirements of Federal Rule of Civil Procedure 26(a).

**(10)    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and a proposed date for decision.**

**REPORT:** Not applicable.

**(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

**REPORT:** The administration of this case would not be facilitated by bifurcation or phasing.

**(12)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

**REPORT:** The parties respectfully request that the pretrial conference be held on a date convenient to the Court near the beginning of April, 2007, or as soon as possible thereafter.

**(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

**REPORT:** The parties respectfully request that the trial date be set at the pretrial conference.

**Dated:        August 3, 2006**                    Respectfully submitted,

                                                    **QUAGLIANO & SEEGER, P.C.**

                                                    /s/ Corie M. Thornton
                                                    _____
                                                    Seth A. Robbins, Bar No.:  471812
                                                    Corie M. Thornton Bar No.:  496392
                                                    2620 P Street, NW
                                                    Washington, DC 20007
                                                    Tel.    (202) 822-8838
                                                    Fax.    (202) 822-6982
                                                    **Counsel for Plaintiff**
                                                    **United States f/u/b/o**
                                                    **Winchester Woodworking Corp.**

and

**ACKERMAN SENTERFITT**
**WICKWIRE GAVIN, P.C.**

/s/ Jeffrey G. Gilmore

Jeffrey G. Gilmore, Esq. 388362
8100 Boone Blvd, Suite 700
Vienna, Virginia 22182
(Tel.)   703-790-8750
(Fax.)   703-448-1801
**Counsel for Defendant**
**Liberty Mutual Insurance**
**Company**