IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and Benefit of WINCHESTER WOODWORKING CORP.,<br><br>   Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY<br><br>   Defendant. | Civil Action No.<br>1:06CV00970<br><br>Judge:<br>Ellen Segal Huvelle |

## LIBERTY MUTUAL INSURANCE COMPANY'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Liberty Mutual Insurance Company ("Liberty"), by and through counsel, files this Answer and Affirmative Defenses to the Complaint filed by Plaintiff United States of America for the Use and Benefit of Winchester Woodworking Corp. ("Winchester"), and states as follows:

## ANSWER

1. Upon information and belief, Winchester is engaged in the business of providing woodworking services. Liberty lacks sufficient information upon which to base a belief of the truth or falsity of the remaining allegations of Paragraph 1 and therefore denies the same.

2. Admitted.

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent that any response is necessary, it is denied.

1

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent that any response is necessary, it is denied.

5. Upon information and belief, the allegations of Paragraph 5 are admitted.

6. Liberty admits executing a Payment Bond, numbered 17010125, in connection with Sigal's work on the Old State Build-Out Project (the "Project"), the penal sum of which was $38,692,598.25. By way of further response, Liberty states that the terms and conditions of the Payment Bond speak for themselves and are the best evidence thereof. To the extent the allegations in Paragraph 6 differ from the terms and conditions of the Payment Bond, they are denied.

7. Upon information and belief, the allegations of Paragraph 7 are admitted.

8. Upon information and belief, Liberty admits that Winchester furnished certain services and materials to the Project, but denies that Winchester provided labor or materials to the Project through June 30, 2005. Any remaining allegations in Paragraph 8 are denied.

9. Liberty lacks sufficient information upon which to base a belief of the truth or falsity of the allegations of Paragraph 9 and therefore denies the same.

10. Upon information and belief, the allegations of Paragraph 10 are denied.

11. Upon information and belief, Liberty admits that Sigal has refused to pay Winchester the full amount Winchester claims. Any remaining allegations in Paragraph 11 are denied.

12. Liberty admits that it received the referenced correspondence. Any remaining allegations are denied.

13. Upon information and belief, Liberty admits that Sigal paid Winchester $75,000 after June 6, 2005. Upon information and belief, Liberty denies that Winchester is entitled to any additional payments. Any remaining allegations in Paragraph 13 are denied.

14. Admitted

15. Upon information and belief, Liberty admits that Winchester has made demand on Sigal for payment in the amount of $66,277. Upon information and belief, Liberty denies that Winchester is entitled to such payment. Any remaining allegations contained in Paragraph 15 are denied.

16. Admitted

### Count I – Claim on the Payment Bond

17. Liberty incorporates its responses as set forth in Paragraphs 1-16 of this Answer as if they were restated in full herein.

18. Paragraph 18 states a legal conclusion to which no response is required. To the extent that any response is necessary, it is denied.

19. Paragraph 19 states a legal conclusion to which no response is required. To the extent that any response is necessary, it is denied.

20. Liberty admits that Winchester has made demand for payment of $66,277. Liberty denies that Winchester is entitled to such payment. Any remaining allegations contained in Paragraph 20 are denied.

21. Liberty admits that it has refused to make payment to Winchester under the Payment Bond. Liberty denies that such payment is due and owing to Winchester. Any remaining allegations contained in Paragraph 21 are denied.

22. Denied.

23.    Liberty denies all allegations of the Complaint that have not been expressly admitted above.

**WHEREFORE,** Defendant Liberty Mutual Insurance Company hereby request that the claims against it be dismissed in their entirety, with prejudice, plus reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

By way of further response to the Complaint, Liberty will rely on some or all of the following affirmative defenses or other matters in avoidance:

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    The Complaint is barred in whole or in part by Winchester's material breaches of contract.

3.    The Complaint is barred in whole or in part by Winchester's failure to comply with conditions precedent, including, but not limited to, requirements imposed Winchester's Subcontract agreement with Sigal, requirements imposed by the Payment Bond, and requirements imposed by federal law, including those imposed by the Miller Act.

4.    The Complaint is barred in whole or in part because Winchester has failed to file within the Miller Act's one-year statute of limitations.

5.    The Complaint is barred in whole or in part by waiver or estoppel.

6.    The Complaint is barred by Winchester's failure to mitigate its damages, if any.

7.    The Complaint is barred in whole or in part because Winchester's claims are not for labor or materials within the scope of the Payment Bond.

8.  In addition to the above affirmative defenses, Liberty reserves the right to rely upon any additional defenses or matters in avoidance which becomes known to it during the course of discovery and/or trial.

**WHEREFORE,** Defendant Liberty Mutual Insurance Company hereby requests that the claims against it be dismissed in their entirety, with prejudice, plus reasonable costs, attorney's fees, charges, expenses, and interests and such further relief as the Court deems appropriate.

**DATED:**   August 3, 2006                Respectfully submitted,

*/s/ Jeffrey G. Gilmore*
Jeffrey G. Gilmore
D.C. Bar No. 388362
AKERMAN SENTERFITT
WICKWIRE GAVIN
8100 Boone Blvd, Suite 700
Vienna, Virginia 22182
Phone 703-790-8750
Fax 703-448-1801
jeff.gilmore@akerman.com

*Counsel for Defendant Liberty Mutual Insurance Company*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2006, I electronically filed Defendant Liberty Mutual Insurance Company's Memorandum of Points and Authorities in Support of Motion to Dismiss or in the Alternative for Summary Judgment and any attachments, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to:

>   Seth A. Robbins, Esq.
>   Corie M. Thornton, Esq.
>   2620 P Street, NW
>   Washington, DC 20007
>
>   *Counsel for Plaintiff United States f/u/b Winchester Woodworking Corp.*

_____
Jeffrey G. Gilmore